**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RANDY DON BECK,

       Petitioner-Appellant,

v.

JAMES RUDEK, Warden,

       Respondent-Appellee.

No. 12-6235
(D.C. No. 11-CV-01469-R)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

Facing some 16 felonies charges, Randy Beck declined a plea offer from state prosecutors that, if endorsed by the trial court, would have required him to spend fifteen years in prison. Instead, Mr. Beck chose to enter a non-negotiated guilty plea and take his chances at sentencing. But just before entering his plea, Mr. Beck was arrested on new charges still and this development does not appear to have helped his cause. At sentencing, the trial court issued an eighty-one year prison term.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In response, Mr. Beck soon filed a motion seeking to withdraw his guilty plea but this the trial court denied. Mr. Beck then appealed to the Oklahoma Court of Criminal Appeals, asserting that his plea wasn't voluntary, his trial counsel were ineffective, and that his sentence violated the Eighth Amendment. The appeal proved unsuccessful, as did Mr. Beck's later application for state post-conviction relief.

Turning now to federal court, Mr. Beck brought this 28 U.S.C. § 2254 motion arguing that his trial counsel rendered constitutionally deficient performance in connection with his plea dealings. The district court denied relief and a certificate of appealability (COA). The court explained that, to succeed on his Sixth Amendment claim, Mr. Beck carried the burden of showing both that his counsel performed deficiently and that this deficient performance "prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). On the prejudice prong, the district court held, Mr. Beck failed to present a colorable claim. To be sure, the sentence under the negotiated plea offer was undoubtedly far less severe than the sentence he ultimately received. If that alone were enough to establish prejudice, Mr. Beck might have a good claim. But to establish prejudice, the district court noted, a petitioner

> must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the

> conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Lafler v. Cooper*, 132 S. Ct. 1376, 1385 (2012); *see also Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012). In this case, the district court explained, Mr. Beck was rearrested on new charges after the government made its negotiated plea offer and just six days before he entered his non-negotiated plea. In light of this intervening event, the district court held it is not "reasonably probable" that the prosecution would have continued to extend its lenient offer or that the state court would have accepted it. Now before us, Mr. Beck renews his request for a COA seeking to attack this decision.

Before facing that question, we first address whether we have authority to do so. Mr. Beck's notice indicating his intent to appeal was due by September 5, 2012, but it was not received by the district court until September 7, 2012 — apparently two days too late. Prisoners, however, can take advantage of the "prison mailbox rule" providing that "the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule." Fed. R. App. P. 4(c)(1). From the record we have, it seems Mr. Beck submitted his notice to the Oklahoma Department of Corrections legal mail system on September 5. So it is we are confident we may hear his case.

Still, we may grant Mr. Beck's renewed request for a COA only if he makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do this, he must demonstrate that "reasonable jurists could debate whether (or, for that matter agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Because Mr. Beck proceeds in this court *pro se*, we review his pleadings with special solicitude.

But even doing so we still can't say Mr. Beck is eligible for a COA. Mr. Beck nowhere addresses the district court's holding that, in light of the intervening charges against him, it is not "reasonably probable" that the prosecution would have continued to extend its offer or that the state trial court would have accepted it. In fact, in his COA application Mr. Beck fails to comment at all on *Strickland*'s prejudice requirement. Simply put, he fails to supply any reason of any kind to question the correctness of the district court's prejudice analysis.

Separately, Mr. Beck complains that the district court "ignored" a new affidavit by his trial attorney in that court. The district court, however, was clearly correct in disregarding the document. "[R]eview under § 2254(d)(1)," the Supreme Court has recently explained, "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131

- 4 -

S. Ct. 1388, 1398 (2011). As the district court noted, too, trial counsel's affidavit attests that she did not advise Mr. Beck that the court would be more lenient in a non-negotiated plea and so it's not entirely clear whether the affidavit would have helped Mr. Beck's cause. Mr. Beck says the district court should have at least granted him a stay so that he could have presented new arguments based on *Lafler* and *Frye* in state court. But whatever other problems might face this request, the district court held such a procedure was unnecessary in this case given the clarity of his inability to meet their requirements. For his part, Mr. Beck once again fails to respond at all to this holding, let alone give us reason to doubt it.

Because Mr. Beck fails to carry his burden of showing that the district court's resolution of his claims were debatable, his application for a COA is denied and this appeal is dismissed. We grant Mr. Beck's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge